<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4827**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ANTOINE URICK LILLY,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:10-cr-00320-BO-2)

Submitted: April 18, 2012        Decided: June 6, 2012

Before KING, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Clarke Speaks, SPEAKS LAW FIRM, PC, Wilmington, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Urick Lilly pleaded guilty, pursuant to a written plea agreement, to one count of participating in a conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846 (2006). The district court departed downward from the advisory Guidelines sentencing range based on a substantial assistance motion by the Government and imposed a custodial sentence of 150 months followed by five years of supervised release. We affirm.

On appeal, Lilly's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he stated that he could find no meritorious issues for appeal. Counsel sought our review of the district court's finding that Lilly should not be sentenced pursuant to the Fair Sentencing Act of 2010 ("FSA"). Finding that issue non-frivolous, we directed supplemental briefing on that issue as well as on the issue of whether any error in the non-application of the FSA was harmless.

Although Lilly's offense conduct pre-dated the enactment of the FSA, both parties sought the application of the FSA at Lilly's sentencing because the sentencing took place after the effective date of the Act. The district court, however, found that the FSA did not apply. Assuming without

deciding that the district court erred in this respect,[*] the result of the non-application of the FSA was that the district court calculated a ten-year statutory minimum rather than a five-year statutory minimum and the district court applied a Guidelines range of 262 to 327 months rather than a Guidelines range of 188 to 235 months.

Both parties requested that the district court base its substantial assistance departure off of the FSA Guidelines range of 188 to 235 months. The Government suggested a sentence of 150 months, which represented an approximately twenty percent departure from the low end of that range. Lilly did not request a specific custodial sentence. Although it declined to apply the FSA — and therefore found Lilly's Guidelines range to be 262 to 327 months — the district court ultimately sentenced Lilly to 150 months' imprisonment.

We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines

---

[*] We have not yet passed on the FSA's applicability to convictions involving pre-enactment conduct but post-enactment sentencing. See United States v. Bullard, 645 F.3d 237, 248 n.5 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011).

range.  United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010).  Assuming that the district court improperly calculated Lilly's Guidelines range, it committed procedural error.  Such procedural error is subject to review for harmlessness.  See United States v. Savillon-Matute, 636 F.3d 119, 123-24 (4th Cir.), cert. denied, 132 S. Ct. 454 (2011).  A finding of harmlessness requires:  (1) knowledge that the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) a determination that the sentence would be reasonable even if the Guidelines issue had been decided in the Defendant's favor.  Id. at 123 (citing United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006)).  To meet the first inquiry, the record need not contain a specific statement by the district court that it would have imposed the same sentence regardless of the Guidelines calculation.  Id. at 124.

We find that the harmlessness inquiry is met here. The statutory minimum appears to have played no role in the imposition of the district court's sentence.  Furthermore, the only reasonable inference from the record is that the district court concluded that a sentence of 150 months' imprisonment was proper regardless of whether the FSA applied to Lilly.  The second harmless inquiry is easily met:  had the district court adopted Lilly's proffered Guidelines range of 188 to 235 months,

4

the 150-month sentence would still constitute a meaningful departure from the Guidelines range and thus would be no less reasonable. Thus, any error on the part of the district court in failing to apply the FSA to Lilly's sentencing was harmless because it did not affect the sentence that Lilly actually received.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Lilly, in writing, of the right to petition the Supreme Court of the United States for further review. If Lilly requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lilly. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>